**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANNELIESE JACKSON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE | ) | |
| OFFICERS SYED QUADRI, #2406, and | ) | |
| JOHN DOES | ) | |
| | ) | |
| | ) | |
|     Defendants. | ) | Jury Demand |

## <u>COMPLAINT</u>

1.      In the summer of 2020, Plaintiff Anneliese Jackson, as well as thousands of organizers, activists, and community leaders in Chicago, mobilized in a repudiation of anti-Black racism, white supremacy, police violence, and mass criminalization and incarceration. Millions joined demonstrations around the globe—often lifting up the names of George Floyd, Breonna Taylor, Tony McDade, and scores of other Black people killed by police.

2.      The Chicago Police Department ("CPD") and other City agencies responded to these demonstrations with brutal, violent, and unconstitutional tactics that were clearly intended to injure, silence, and intimidate Plaintiff Jackson and other protesters.

3.      As explained in more detail below, Plaintiff was assaulted by CPD officers while she posed no threat to anyone, interfering with Plaintiff's constitutional rights.

4.      CPD's unconstitutional actions have caused Plaintiff significant harm, including the violation of her constitutional rights as well as physical, emotional, and mental injuries.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a). This Court

has supplemental jurisdiction under 28 U.S.C. § 1367(a) over claims arising under Illinois state

law.

6.      Venue is proper in this district under 28 U.S.C. § 1391(b) because the events

giving rise to the claims asserted in this complaint occurred in this judicial district.

## PARTIES

7.      Plaintiff Anneliese Jackson is a bi-racial resident of Elgin, Illinois who uses

she/her pronouns and was 22 years old at the time of the incidents that give rise to this

Complaint.

8.      Defendant City of Chicago is and at all times mentioned herein was a

municipality organized and operating under the statutes of the State of Illinois. It is authorized

under the statutes of the State of Illinois to maintain the Chicago Police Department, which acts

as the City's agent in the areas of municipal law enforcement, and for which the City is

ultimately responsible. Defendant City was, at all times material to this Complaint, the employer

and principal of the Defendant Officers.

9.      Defendant Officers Syed Quadri and John Does are City of Chicago employees

with the CPD. At all times relevant to the events at issue in this case, these defendants were

acting under color of law and within the scope of their employment with the CPD. They are sued

in their individual capacity for violating Plaintiff's rights under the U.S. Constitution and Illinois

state law.

## FACTUAL ALLEGATIONS

10.     On May 25, 2020, Minneapolis police officers murdered George Floyd when they suffocated him to death while he was handcuffed in a prone position on the ground in broad daylight on the street. Floyd's murder and the police murder of Breonna Taylor in her home in Louisville, Kentucky, in addition to recent police murders of too many other Black people throughout the United States, sparked the largest movement for justice in the history of the United States and has included protests around the world against anti-Black police violence, white supremacy, systemic racism, and inequality.

11.     On August 15, 2020, Plaintiff went to Millennium Park to serve as a medic at a protest led by Black youth calling for defunding CPD, CPD out of Chicago Public Schools, and abolishing U.S. Immigration and Customs Enforcement (ICE).

12.     Plaintiff and other protesters marched from Millennium Park to Michigan Avenue, and then turned north on Michigan Avenue towards Wacker Drive.

13.     As the protest proceeded north on Michigan Avenue, Plaintiff witnessed CPD officers on bicycles closely follow protesters at the tail end of the crowd. Plaintiff witnessed one unidentified Chicago police officer run his bicycle into the heels of an individual protester. Plaintiff went over to assist the protester by positioning herself between the officer and the protester. The officer ran his bicycle against the heels of Plaintiff.

14.     When the crowd arrived at the intersection of Michigan Avenue and Wacker Drive, the protesters were prevented from walking further north. The Michigan Avenue Bridge was raised and there was a line of Chicago police officers preventing the protest from proceeding.

15.     The crowd then turned east on Wacker Drive, where they were again blocked by a

line of Chicago police officers in riot gear.

16.    Plaintiff observed multiple Chicago police officers grab at protesters' bicycles and umbrellas. Plaintiff subsequently witnessed Chicago police officers, without warning or justification, indiscriminately deploy chemical weapons on the crowd. Plaintiff and other protest medics began to set up a triage area to treat individuals who had been sprayed with chemical weapons.

17.    Plaintiff, who was wearing goggles, entered the crowd to help guide individuals who had been sprayed to the medics' triage area. Plaintiff assisted three or four individuals who had been sprayed with the chemical agent by Chicago police officers.

18.    Plaintiff then witnessed unidentified Chicago police officers attack the medic triage group from the opposite direction. These officers kicked over the triage cart, which had been filled with water bottles and first aid supplies.

19.    Plaintiff and other protesters attempted to disperse by taking the only route that Chicago police officers left open, heading back south down Michigan Avenue. Chicago police officers continued to push the protesters, forcing the crowd west onto Randolph Street.

20.    At this point, the number of protesters had dwindled. Plaintiff believed that the protest was coming to an end and that the crowd was dispersing.

21.    At some point, near the intersection of Randolph Street and Dearborn Street, a line of Chicago police officers rushed the crowd of protesters, knocking protesters off bicycles, hitting them with batons, and deploying chemical weapons.

22.    Plaintiff observed a fellow medic get thrown to the ground by a number of Chicago police officers.

23.    Plaintiff went over to help the medic, at which point she was thrown to the ground

by one or more unidentified Chicago police officers.

24.     As Plaintiff was attempting to stand and regain her balance, Defendant Quadri struck her with a baton without cause or justification. Defendant Quadri held the baton with both hands, raised it above his head and swung it downward, striking Plaintiff in her back.

25.     After Plaintiff was able to stand and attempted to walk away from the officers, she was pushed by multiple unidentified Chicago police officers, one of whom knocked her to the ground. As Plaintiff was on the ground, she felt one or more unidentified Chicago police officers grab at her legs and her hips. Plaintiff's protective goggles were knocked off her face.

26.     While Plaintiff was on the ground and not posing a threat to anyone, an unidentified Chicago police officer sprayed Plaintiff with a chemical agent directly in her face and on her body, causing Plaintiff to suffer serious pain, burning, and temporary loss of vision. Plaintiff's entire body was left covered in the chemical agent. Additionally, Plaintiff's clothes, medic supplies and personal items were soaked in the chemical agent, including Plaintiff's inhaler, which she had brought with her.

27.     Plaintiff was then assisted by another protester, who helped Plaintiff off the ground and away from the police attack. The individual assisted Plaintiff in rinsing her eyes.

28.     Plaintiff then heard the booming sound of batons on shields, as Chicago police officers continued to surge towards the protesters, forcing the crowd further down Randolph Street. Plaintiff and other protesters began to move away from the officers to avoid being physically injured.

29.     After moving west on Randolph Street, protesters were met with a line of Chicago police officers. These officers cornered the demonstrators, trapping them in the street and prohibiting many from leaving the area. Several Chicago police officers pointed rifles into the

crowd.

30.     The Chicago police officers refused to allow anyone to leave without officers conducting a search and seizure of their persons and/or property. Officers searched individuals' backpacks and other bags, forcing individuals to dump their contents out onto the sidewalk. Some demonstrators were selectively and without regard to lawful or unlawful activity, eventually allowed to leave the demonstration and the area.

31.     Plaintiff was eventually told by a Chicago police officer that she could leave. As Plaintiff moved out of the kettled crowd and through a line of police officers, a number of unidentified Chicago police officers made taunting and insulting comments toward Plaintiff, such as, "Hope you had a great time," "See you soon," and "Thanks for visiting Chicago."

32.     While Plaintiff was leaving, she heard screams from the remaining protesters. Plaintiff turned back to assist the other protesters, but was blocked by a line of officers and told to leave.

33.     Hours after Chicago police officers sprayed her with chemical agents, Plaintiff continued to experience difficulty breathing, blurred vision and burning sensations across her entire body.

34.     On August 16, 2020, Plaintiff sought medical treatment at Advocate Sherman Immediate Care to address the difficulty she was having breathing. As a result of this medical treatment, she received a new inhaler to replace the inhaler destroyed by chemical agents at the protest.

35.     Plaintiff has suffered and continues to suffer significant emotional distress, including increased anxiety, panic attacks, and emotional distress when she is in the presence of police officers.

36.    As a result of the Defendant Officer's attack, Plaintiff has difficulty sleeping, experiences panic when she hears loud noises, and suffers from physical as well as emotional exhaustion.

37.    Plaintiff did not physically attack, assault, threaten, or resist the Defendant Officers or any other Chicago police officer at any time or in any way.

38.    Plaintiff did not commit any unlawful act and was engaging in constitutionally protected activity.

39.    As a direct and proximate result of the Defendant Officers' actions as detailed above, Plaintiff suffered and continues to suffer, *inter alia*, bodily injuries, as well as pain and suffering, extreme mental distress, anguish, and fear.

## COUNT I – 42 U.S.C. § 1983
### Violation of the Fourth Amendment – Excessive Force

40.    Each paragraph of this Complaint is incorporated as if restated fully herein.

41.    Count I is alleged against all Defendant Officers.

42.    The actions of the Defendant Officers described above constituted unreasonable and excessive force, without legal cause, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

43.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

44.    The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

**COUNT II – 42 U.S.C. § 1983**
**Violation of the First Amendment – Freedom of Speech and Assembly, Intimidation and**
**Retaliatory Use of Force**

45.     Each paragraph of this Complaint is incorporated as if restated fully herein.

46.     Count II is alleged against all Defendant Officers.

47.     As described in detail above, Plaintiff participated in lawful, constitutionally

protected activity on the public streets of the City of Chicago.

48.     The actions of the Defendant Officers described above violated Plaintiff's rights

to freedom of speech and assembly guaranteed by the First and Fourteenth Amendments to the

United States Constitution, in that Plaintiff was abruptly prevented from further exercising her

rights and suffered retaliation for having exercised her rights.

49.     The Defendant Officers retaliated against Plaintiff for engaging in protected

speech by subjecting her to excessive force without legal justification. Plaintiff's protected

speech was the substantial and motivating factor for the Defendant Officers' use of force against

her. The Defendant Officers' actions were intended to make Plaintiff and other people engaging

in constitutionally-protected speech at the protests wary of continuing to engage in such

protected activities in the future and specifically to chill their rights guaranteed under the First

Amendment.

50.     At all relevant times, the Defendant Officers were aware that Plaintiff was

engaged in constitutionally-protected speech when they violated her rights. The misconduct

described in this Count was objectively unreasonable and was undertaken intentionally, with

malice and knowing disregard for Plaintiff's clearly established constitutional rights.

8

51.     The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

## COUNT III – 42 U.S.C. § 1983
### Violation of the Fourth Amendment – Unlawful Search and Seizure

52.     Each paragraph of this Complaint is incorporated as if restated fully herein.

53.     Count III is alleged against all Defendant Officers.

54.     The actions of the Defendants in falsely detaining Plaintiff without reasonable suspicion or probable cause violated her Fourth Amendment right to be free from unreasonable search and seizure, and thus violated 42 U.S.C. § 1983.

55.     The actions of the Defendants were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of liberty, as set forth more fully above.

## COUNT IV – 42 U.S.C. § 1983
### Conspiracy to Deprive Plaintiff of Her Constitutional Rights

56.     Each paragraph of this Complaint is incorporated as if restated fully herein.

57.     Count IV is alleged against all Defendant Officers.

58.     Each of the Defendant Officers, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

59.     Each of the Defendant Officers took concrete steps to enter into an agreement to unlawfully use force on all Plaintiff, unlawfully detain and arrest Plaintiff, knowing they lacked reasonable suspicions and/or probable cause to do so, and for the purpose of violating Plaintiff's First, Fourth, and Fourteenth Amendment rights.

60.     In furtherance of this conspiracy, each of the Defendant Officers committed specific overt acts, misusing their police powers for the purpose of violating Plaintiff's rights. They accomplished this goal by using excessive force on Plaintiff, and unlawfully arresting Plaintiff.

61.     Each individual Defendant Officer is therefore liable for the violation of Plaintiffs' rights by any other individual Defendant Officer.

62.     As a direct and proximate result of the Defendant Officers' conspiracy, Plaintiff suffered damages, including bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of personal freedom, and legal expenses, as set forth more fully above.

## COUNT V – 42 U.S.C. § 1983
## Failure to Intervene

63.     Each paragraph of this Complaint is incorporated as if restated fully herein.

64.     Count V is alleged against all Defendant Officers.

65.     During the events described above, the Defendant Officers stood by without intervening to prevent the violation of Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments, even though they had the opportunity and duty to do so.

66.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

67.     As a direct and proximate result of the Defendant Officers' failure to intervene, Plaintiff suffered damages, including bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of personal freedom, as set forth more fully above.

## COUNT VI– Illinois State Law Claim
## Violations of the Illinois Constitution

68.     Each paragraph of this Complaint is incorporated as if restated fully herein.

69.     Count VI is alleged against all Defendant Officers.

70.     The actions taken by the Defendant Officers denied Plaintiff her state constitutional rights to free expression and assembly in a peaceable manner; as provided by the Illinois Constitution, Article I, sections 1, 2, 4, 5, and 6, and were a direct and proximate cause of Plaintiff's injuries as set forth above.

71.     The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff's Illinois State Constitutional Rights.

## COUNT VII – Illinois State Law Claim
## Intentional Infliction of Emotional Distress

72.     Each paragraph of this Complaint is incorporated as if restated fully herein.

73.     Count VII is alleged against all Defendant Officers.

74.     The conduct and actions of the Defendant Officers set forth above were extreme and outrageous. The Defendants' actions were rooted in an abuse of power and authority, and were done intentionally, willfully and wantonly, and/or knowing that there was a high probability that their conduct would cause Plaintiff severe emotional distress as set forth above.

75.     As a direct and proximate cause of the extreme and outrageous conduct of the Defendant Officers, Plaintiff was injured and experienced severe emotional distress constituting intentional infliction of emotional distress under Illinois State law.

## COUNT VIII – State Law Claim
## Conversion

76.     Each paragraph of this Complaint is incorporated as if restated fully herein.

77.     Count VIII is alleged against all Defendant Officers.

78.     The actions of the Defendants in not allowing Plaintiff to maintain custody of her property and/or unreasonably forcing Plaintiff to abandon said property unsecured in a public place and their subsequent inability, failure and refusal to return said personal property, constituted an unlawful taking of Plaintiff's property and the tort of conversion under Illinois law.

79.     These actions of Defendant officers were performed in a willful and wanton manner, and were the direct and proximate cause of Plaintiff's loss, further suffering and other injuries as set forth above.

**COUNT IX – State Law Claim**
**Battery**

80.     Each paragraph of this Complaint is incorporated as if restated fully herein.

81.     Count IX is alleged against all Defendant Officers.

82.     The actions of Defendant Officers were intentional acts which caused an unpermitted contact of a harmful and offensive nature, to which Plaintiff did not consent, constituting battery under Illinois law.

83.     Plaintiff was injured as a result of Defendant Officers' actions.

84.     These actions of Defendant Officers were the direct and proximate cause of Plaintiff's pain and suffering, mental anguish and humiliation, and loss of personal freedom.

85.     The actions of Defendant Officers were committed in a willful and wanton manner.

**COUNT X - State Law Claim**
**Assault**

86.     Each paragraph of this Complaint is incorporated as if restated fully herein.

87.     Count X is alleged against all Defendant Officers.

88.     The actions of Defendant Officers were intentional acts which threatened to cause unpermitted contact of a harmful and offensive nature, and placed them in reasonable apprehension of such contact, to which Plaintiff did not consent, constituting assault under Illinois law.

89.     The actions of Defendant Officers were the direct and proximate cause of Plaintiff's pain and suffering, mental anguish and humiliation, and loss of personal freedom.

90.     The actions of Defendant Officers were committed in a willful and wanton manner.

## COUNT XI
### Illinois State Law Claim Conspiracy

91.     Each paragraph of this Complaint is incorporated as if restated fully herein.

92.     Count XI is alleged against all Defendant Officers.

93.     The Defendant Officers together reached an understanding, engaged in and continue to engage in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to violate Plaintiffs' rights guaranteed by the Illinois constitution and to be free from false arrest, malicious prosecution, and the intentional infliction of severe emotional distress on Plaintiff.

94.     In furtherance of this conspiracy or conspiracies, the Defendant Officers, together with their un-sued co-conspirators, committed the overt acts set forth above.

95.     The Defendant Officers acted with malice, willfulness, and reckless indifference to Plaintiff's rights.

96.     Each individual Defendant is therefore liable for the violation of Plaintiff's rights by any other individual Defendant.

97.     The conspiracy or conspiracies were and are continuing in nature.

98.     As a direct and proximate result of the Defendant Officers' conspiracy, Plaintiff suffered damages, including mental distress, anguish, humiliation, violations of their rights, and legal expenses, as set forth more fully above.

## COUNT XII – State Law Claim
### *Respondeat Superior*

99.     Each paragraph of this Complaint is incorporated as if restated fully herein.

100.    Count XII is alleged against Defendant City of Chicago.

101.    In committing the acts alleged in this Complaint, each of the individual Defendant Officers were members of, and agents of, the CPD, acting at all relevant times within the scope of their employment.

102.    Defendant City of Chicago is liable as principal for all torts in violation of state law committed by its agents.

## COUNT XIII – State Law Claim
### Indemnification

103.    Each paragraph of this Complaint is incorporated as if restated fully herein.

104.    Count XIII is alleged against Defendant City of Chicago.

105.    In Illinois, pursuant to 735 ILCS 10/9-102, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities

106.    The Defendant Officers acted within the scope of their employment in committing the misconduct described herein. Therefore, Defendant City of Chicago is liable as their employer for any resulting damages or award of attorney's fees.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor against the

Defendants in the following manner:

1.      Award Plaintiff compensatory and punitive damages.

2.      Award Plaintiff reasonable attorneys' fees, costs, and expenses pursuant to 42

U.S.C. § 1988.

3.      Award Plaintiff such other and further relief as this Court may deem appropriate

and just.

**JURY DEMAND**

Plaintiff demands trial by jury.

Dated: July 29, 2021                  Respectfully submitted,

/s/ Brad J. Thomson
Brad J. Thomson

Joey L. Mogul, Janine Hoft, Ben Elson
Jan Susler, Brad J. Thomson
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070
joeymogul@peopleslawoffice.com
janinehoft@peopleslawoffice.com
ben@peopleslawoffice.com
brad@peopleslawoffice.com
jsusler@peopleslawoffice.com

/s/ Vanessa del Valle
Vanessa del Valle

Vanessa del Valle
Roderick and Solange MacArthur
Justice Center

15

Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 606611-3609
312-503-5932
vanessa.delvalle@law.northwestern.edu

/s/ Sheila A. Bedi
Sheila A. Bedi

Sheila A. Bedi
Community Justice and Civil Rights Clinic
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611-3609
312-503-8576
sheila.bedi@law.northwestern.edu